Appellant, the State of Ohio, appeals from a decision of the Portage County Court of Common Pleas which dismissed an action scheduled to determine if appellee, Raymond Patterson, should be declared a sexual predator under Ohio's version of Megan's Law, newly amended R.C. Chapter 2950. For the reasons which follow, we affirm the judgment of the trial court.
On January 28, 1994, appellee pled guilty to one count of aggravated burglary, an aggravated felony of the first degree, in violation of R. C. 2911.11(A)(3)(B); and one count of gross sexual imposition, a felony of the fourth degree, in violation of R.C. 2907.05(A)(1)(B). Appellee was subsequently sentenced to an indefinite term of imprisonment of five to twenty-five years on the aggravated burglary charge and a definite term of imprisonment of eighteen months on the charge of gross sexual imposition. The sentences were to be served concurrently.
In a judgment entry filed February 24, 1997, the trial court indicated that the Ohio Department of Rehabilitation and Correction ("DRC") recommended, pursuant to R.C.2950.09(C)(1), that the court adjudicate appellee as being a sexual predator. Pursuant to R.C. 2950.09(C)(2), the trial court set a hearing date to determine whether or not appellee is a sexual predator and, pursuant to R.C. 2950.09(B)(1), appointed counsel to represent him.
On April 7, 1997, appellee filed a motion to dismiss the DRC recommendation that he be adjudicated a sexual predator on the grounds that R.C. 2950.09 and the related code sections were unconstitutional as it applied to him and others similarly situated.
On May 1, 1997, the trial court granted appellee's motion to dismiss holding that R.C. Chapter 2950 was unconstitutional. The state filed the instant appeal as a matter of right, asserting two assignments of error for our consideration:
 "[1.] THE TRIAL COURT ERRED IN DISMISSING THE RECOMMENDATION OF THE OHIO DEPARTMENT OF CORRECTIONS THAT THE DEFENDANT BE ADJUDICATED A SEXUAL PREDATOR BECAUSE THE ISSUE OF THE CONSTITUTIONALITY OF R.C. 2950 ET SEQ. WAS NOT PROPERLY BEFORE THE COURT.
 "[2.] THE TRIAL COURT ERRED TO THE PREJUDICE OF THE APPELLANT IN DETERMINING, AS A MATTER OF LAW, THAT R.C. 2050 ET SEQ. IS UNCONSTITUTIONAL AS APPLIED TO DEFENDANTS CONVICTED AND SENTENCED FOR A SEXUALLY ORIENTED OFFENSE, AS DEFINED IN R.C. 2950.01(D), PRIOR TO JANUARY 1, 1997."
In the first assignment of error, appellant argues that appellee lacked standing to file the motion to dismiss the sexual predator proceedings instituted against him, and/or that the trial court erred by addressing the motion at a time when it was allegedly not ripe for review. Pursuant to this court's decision in State v. Reese (Feb. 12, 1999), Portage App. No. 97-P-0048, unreported, this assignment of error is without merit.
In the second assignment of error, appellant argues that the trial court erred when it held that R.C. Chapter 2950 was unconstitutional. Pursuant to this court's decision inState v. Williams (Jan. 29, 1999), Lake App. No. 97-L-191, unreported, this assignment of error is also without merit.
Based on the foregoing analysis, the judgment of the trial court is affirmed.
 ---------------------------- JUDGE ROBERT A. NADER
FORD, P.J., O'NEILL, J., concur.
HON. DONALD R. FORD, P.J., HON. ROBERT A. NADER, J., HON. WILLIAM M. O'NEILL, J., JUDGES.